The Honorable ~~John C. Coughenour~~
James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KELLY USANOVIC, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXP REALTY, LLC, a Washington limited liability company,<br><br>Defendant. | NO. 2:23-cv-00687-~~JCC~~<br>         JLR<br><br>[~~PROPOSED~~]<br><br>ORDER APPROVING STIPULATION REGARDING NUMEROSITY |

THIS MATTER comes before the Court on the Parties' Joint Motion to Approve the Parties' Stipulation Regarding Numerosity for Purposes of Plaintiff's Anticipated Motion for Class Certification (ECF No. 37) (the "Motion"). The Court, having considered the Motion and Stipulation, and being familiar with the files and pleadings in this matter, is fully advised.

**NOW THEREFORE**, the Parties' Motion is **GRANTED** and the Stipulation Regarding Numerosity is hereby **APPROVED**.

**IT IS SO ORDERED.**

DATED this 11th day of July, 2024.

_[signature]_

_____
The Honorable ~~John C. Coughenour~~
United States District Judge   James L. Robart

[~~PROPOSED~~] ORDER APPROVING
STIPULATION REGARDING NUMEROSITY
FOR PURPOSES OF PLT'S ANTICIPATED
MOTION FOR CLASS CERTIFICATION
CASE NO. 2:23-CV-00687-~~JCC~~
                 JLR

Page 1

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KELLY USANOVIC, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXP REALTY, LLC, a Washington limited liability company,<br><br>Defendant. | NO. 2:23-cv-00687-JCC<br><br>STIPULATION REGARDING NUMEROSITY FOR PURPOSES OF PLAINTIFF'S ANTICIPATED MOTION FOR CLASS CERTIFICATION |

1. Plaintiff, Kelly Usanovic ("Plaintiff") and Defendant eXp Realty, LLC ("eXp"), collectively the "Parties," by and through their respective counsel, subject to the Court's approval, and for the purpose of limiting burdensome class discovery prior to class certification, hereby stipulate and agree for the purposes of the above-captioned action only, as follows (the "Stipulation"):Plaintiff anticipates filing a motion for class certification pursuant to Fed. R. Civ. P. 23 in the above-captioned matter. Plaintiff anticipates defining the putative class as: All persons in the United States who from four years prior to the filing of this action through class certification (1) one or more eXp real estate agents called more than one time in the aggregate using a dialer from Mojo, Vulcan7, or RedX, or a substantially similar dialer, (2) as a result of being obtained as a lead from Mojo, Vulcan7, or RedX, or a substantially similar lead provider, (3)  within any 12-month period, (4) where the person's residential telephone

STIPULATION REGARDING NUMEROSITY
FOR PURPOSES OF PLT'S ANTICIPATED
MOTION FOR CLASS CERTIFICATION
CASE NO. 2:23-cv-00687-JCC

Page 1

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

1  number had been listed on the National Do Not Call Registry for at least thirty days,
2  (5) for substantially the same reason eXp's real estate agents called Plaintiff. eXp
3  intends to dispute that this class or any other class meets the requirements for
4  certification.

5        2.      For the exclusive purpose of Plaintiff's anticipated motion for class
6  certification pursuant to Fed. R. Civ. P. 23, eXp agrees to stipulate that the element of
7  numerosity is satisfied. eXp also agrees not to challenge class certification based on the
8  absence of evidence that could only have been developed if Plaintiff had obtained a
9  complete set of records of calls or leads by eXp real estate agents to putative class
10 members. Notwithstanding the foregoing, eXp does not waive any other argument or
11 position that a class should not be certified in the above-captioned action. eXp
12 expressly preserves its right to raise any other argument or position in opposition to
13 Plaintiff's motion for class certification, including but not limited to arguments or
14 positions related to adequacy, commonality, typicality, predominance, superiority,
15 ascertainability, and the feasibility of the methodology employed to identify class
16 members.

17       3.      Plaintiff agrees that, unless and until a class action is certified, she will
18 limit any third party subpoenas for call or lead records to call and lead records
19 associated with calls by the three eXp real estate agents that called Plaintiff, Ali
20 Shahrohki, Carlos Mezquitan, and Igor Li. Plaintiff also agrees to advise any third
21 parties to which broader subpoenas have already been issued regarding this agreed
22 upon limitation. To the extent Plaintiff has already received records for any other real
23 estate agents, Plaintiff agrees to not use those records unless and until a class action is
24 certified.

25       4.      If a class action is certified, eXp agrees that Plaintiff is entitled to obtain
26 through third party subpoenas, and if necessary to compel production of, all call and
27 lead records associated with all calls by eXp real estate agents to members of the class

1  certified by the Court, even if the deadline to complete discovery has already passed at
2  the time certification is granted.

3        5.      If a class action is certified, eXp agrees to provide the dates of affiliation
4  with eXp for any real estate agent for whom Plaintiff obtains or has obtained records
5  and for whom eXp has records.

6        6.      By entering into this Stipulation, eXp does not waive any argument or
7  position that it is not liable. eXp may continue to present all available defenses in the
8  above-captioned action.

9        7.      This Stipulation can only be used in the above-captioned action and
10 cannot be used for any other purpose or in any other case.

11       8.      By entering into this Stipulation, the attorneys for both Plaintiff and eXp
12 represent and warrant that that their clients have agreed to the binding nature of this
13 Stipulation, and that they have the authority to enter into the stipulation in the above-
14 captioned action on behalf of their respective clients.

15       DATED this April 4, 2024

| KAUFMAN P.A. | McGUIRE WOODS LLP |
|---|---|
| By:   *s/ Avi Kaufman* | By:   *s/ Sarah Zielinski* |
| Avi R. Kaufman *(admitted pro hac vice)*<br>237 S. Dixie Hwy, 4th Floor<br>Coral Gables, FL 33133<br>Telephone: (305) 469-5881<br>Email: kaufman@kaufmanpa.com | Sarah A. Zielinski *(admitted pro hac vice)*<br>Amy Starinieri Gilbert *(admitted pro hac vice)*<br>77 West Wacker Drive, Suite 4100<br>Chicago, IL 60601-1818<br>Telephone: (312) 849-8100<br>Email: szielinski@mcguirewoods.com<br>          agilbert@mcguirewoods.com |

STIPULATION REGARDING NUMEROSITY    Page 3
FOR PURPOSES OF PLT'S ANTICIPATED
MOTION FOR CLASS CERTIFICATION
CASE NO. 2:23-cv-00687-JCC

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

1
2   By:  *s/ Eric Draluck*
    ———————————————
3       Eric Draluck
        271 Winslow Way E. #11647           By:  *s/ Nathaniel Taylor*
4       Bainbridge Island, WA 98110              ———————————————
        Telephone: (206) 605-1424                Nathaniel L. Taylor, WSBA No. 27174
5       Email: eric@dralucklaw.com               Ellis, Li & McKinstry, PLLC
                                                 1700 Seventh Avenue, Suite 1810
6                                                Seattle, WA 98101
    *Attorneys for Plaintiffs*                   Telephone: (206) 682-0565
7                                                Email: ntaylor@elmlaw.com
8                                            *Attorneys for Defendant eXp Realty, LLC*

                                 ELLIS, LI & McKINSTRY  PLLC