UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY USANOVIC,

                    Plaintiff,

        v.

EXP REALTY LLC,

                    Defendant.

CASE NO. C23-0687JLR

ORDER

## I.   INTRODUCTION

Before the court is Defendant EXP Realty, LLC's ("EXP") motion to exclude proposed expert witness Anya Verkhovskaya's expert opinions.  (MTE (Dkt. # 67); Reply (Dkt. # 72).)  Plaintiff Kelly Usanovic opposes the motion.  (Resp. (Dkt. # 70).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court DENIES EXP's motion.

[1] Neither party requests oral argument.  (*See* MTE; Resp.)  The court concludes that oral argument is not necessary to decide the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

## II.   BACKGROUND

Ms. Usanovic brings this class action suit for injunctive relief and an award of statutory damages in response to real estate brokerage firm EXP's alleged violation of the Telephone Consumer Protection Act ("TCPA").  (Compl. (Dkt. # 1) at 1.)  Ms. Usanovic alleges that EXP directed its agents to place unsolicited calls to consumers' telephone numbers who are registered on the National Do Not Call Registry ("NDNCR"), "including those consumers who requested for the calls to stop[.]"  (*Id.*)

Ms. Usanovic represents that between February 14 and February 17, 2023, she received a total of 13 unsolicited and unwelcome phone calls to her cell phone from four different EXP agents despite her requests for the calls to stop and her phone number's registration on the NDNCR.  (Compl. ¶¶ 20-38.)  Ms. Usanovic alleges that EXP's conduct harmed her in the form of "mental distress, annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware [] and the consumption of memory on the phone."  (Compl. ¶ 37.)

On May 10, 2023, Ms. Usavonic filed the instant complaint.  (Compl.)  On November 21, 2025, Ms. Usanovic moved for class certification.  (MCC (Dkt. # 59) (sealed).)  In support of her motion, Ms. Usanovic included the expert report of Anya Verkhovskaya, President and Chief Executive Officer of Class Experts Group, LLC, "a firm that offers litigation support services, including as consulting or testifying experts . . . particularly in the area of TCPA[.]"  (AV Report (Dkt. # 59-17) ¶ 12; *see also id*. ¶ 13, Ex. B (Verkhovskaya CV).)  Ms. Verkhovskaya's expert report sets forth her

ORDER - 2

experience and qualifications, the source data, the methodology she used, and a proposed class list.  (*See generally* AV Report.)  Ms. Verkhovskaya contends that there is a reliable method to identify residential telephone numbers that were on the NDNCR for 32 or more days and received two or more connected calls from or on behalf of an EXP agent within a 12-month period between May 10, 2019, through the class certification period. (AV Report at 16; *id*. ¶ 77 (stating that Ms. Verkhovskaya's methods identified 1,478 such residential telephone numbers and 3,956 calls in the aggregate).)

On December 12, 2025, EXP moved to exclude Ms. Verkhovskaya's expert opinions.  (MTE.)  Briefing on EXP's motion is complete and the matter is ripe for the court's review.

### III.    ANALYSIS

The court first sets forth the relevant standard of review before turning to EXP's motion to exclude.

### A.    Standard of Review

"Before admitting expert testimony into evidence, the district court must perform a 'gatekeeping role' of ensuring that the testimony is both 'relevant' and 'reliable' under Rule 702."  *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (quoting *Daubert v. Merrell Dow Pharms., Inc.* ("*Daubert I*"), 509 U.S. 579, 597 (1993)); *see also* Fed. R. Evid. 702 (providing the admissibility criteria for expert testimony).  Expert testimony is reliable if it is "based on sufficient facts or data," "is the product of reliable principles and methods[,]" and "reflects a reliable application of the principles and methods to the facts of the case."  Fed. R. Evid. 702(b)-(d).  More

ORDER - 3

generally, evidence is reliable "if the knowledge underlying it 'has a reliable basis in the knowledge and experience of [the relevant] discipline.'" *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006) (quoting *Kumho Tire Co., v. Carmichael*, 526 U.S. 137, 149 (1999)); *see also Daubert v. Merrell Dow Pharms., Inc.* ("*Daubert II*"), 43 F.3d 1311, 1316-17 (9th Cir. 1995) (citation omitted) (listing the factors that the court considers to establish reliability); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) ("[A] trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." (internal quotation marks omitted)).

The party proposing the expert testimony bears the burden of establishing admissibility, and thus reliability, by a preponderance of the evidence. *See Daubert I*, 509 U.S. at 592 n.10. Courts liberally construe Rule 702 in favor of admissibility. *See id.* at 588. Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony – they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) (emphasis in original). Furthermore, "[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony." *Id.* at 1231 (internal quotation marks and citation omitted).

//

//

//

ORDER - 4

**B.      EXP's Motion to Exclude Proposed Expert Witness Anya Verkhovskaya is Denied.**

EXP moves to exclude Ms. Verkhovskaya's expert testimony on the bases that her proposed methodology does not reliably identify (1) residential numbers on the NDNCR and (2) calls that violate the TCPA.  (MTE at 5-12.)  EXP's arguments, however, lack merit.

First, EXP's concerns about Ms. Verkhovskaya's particular methodology are not relevant grounds on which to challenge the admissibility of her opinions.  (*See* MTE at 6-8 (contending that Ms. Verkhovskaya's methodology is flawed because it relies on PacificEast data to identify residential numbers on the NDNCR and such data is "unreliable" and "outdated").)  To the contrary, the Ninth Circuit has made clear that disputes about an expert's methodology "go to the weight, not the admissibility" of her testimony.  *Kennedy*, 161 F.3d at 1231; *Bumpus v. Realogy Brokerage Grp. LLC*, No. C19-3309JD, 2022 WL 867256, at *4 (N.D. Cal. Mar. 23, 2022) (denying a motion to exclude Ms. Verkhovskaya's testimony and finding that defendant's objections to her methodology were immaterial to the admissibility of her opinions).  Thus, at this stage of the litigation, EXP's focus on the purported unreliability of PacificEast data is misplaced.  (MTE at 6-7.)  Defendant will have an opportunity to "vigorously cross-examine" Ms. Verkhovskaya at trial and "[t]he possibility of decertification may arise if cross-examination provides a basis for it." *Id*.

Second, courts across the country have concluded that Ms. Verkhovskaya's methodology is reliable and sufficiently capable of identifying putative class members.  It

is widely used in TCPA class actions, including in multiple cases against real estate brokerages arising from calls by their affiliated agents. *See, e.g.*, *Johnson v. Comodo Grp., Inc.*, No. C16-4469SDWLDW, 2020 WL 525898, at *9 (D.N.J. Jan. 31, 2020) (compiling TCPA cases that use Ms. Verkhovskaya's methodology); *Mantha v. Quotewizard.com, LLC*, 347 F.R.D. 376, 388 (D. Mass. 2024) (denying defendants' motion to exclude Ms. Verkhovskaya's opinions in a TCPA case and finding that her methodology and use of PacificEast data is "reliable"); (*see* AV Report ¶ 69 (collecting cases)).

Finally, that Ms. Verkhovskaya's methodology potentially resulted in errors in the proposed class list, such that some of the members of the proposed class list do not meet the class definition or are associated with the incorrect phone number, does not warrant exclusion of her testimony. (*See* MTE at 8-13 (contending that Ms. Verkhovskaya's methodology is unreliable because it purportedly (1) does not associate Ms. Usanovic's phone number with Ms. Usanovic; (2) does not reliably exclude business phone numbers; and (3) does not identify TCPA violative calls).) "[T]he focus in a *Daubert* challenge is not primarily concerned with a proposed expert's conclusions but with making a preliminary assessment of whether the methodology underlying the testimony is scientifically valid and of whether that methodology properly can be applied to the facts in issue." *Mantha*, 347 F.R.D. at 389 (cleaned up and citation omitted); *see also Bumpus*, 2022 WL 867256, at *3 ("The question is whether [Ms.] Verkhovskaya has provided a reliable, valid, and generally accepted method for identifying which phone numbers

belong to putative class members, or whether her approach is 'junk science' akin to predicting criminality by feeling the bumps on a person's head.").

As one court that declined to exclude Ms. Verkhovskaya's methodology in a TCPA case explained:

> [Ms.] Verkhovskaya's methods are not particularly complicated. She analyzed several call log files produced by PhoneBurner, Inc., WAVV Communications, LLC, Mojo, and [the brokerage firm]. She removed calls made outside of the class period, and phone numbers that were outside of North America or were duplicates. She identified calls that were completed and had non-zero durations, and were made on behalf of [the brokerage firm] based on a list of names of [the brokerage firm's] agents. [Ms.] Verkhovskaya identified numbers that were on the [NDNCR] and used conventional methods to determine whether any of those numbers received two or more calls within a 12-month period after being on the [NDNCR] for more than 32 days. [Ms.] Verkhovskaya reasonably assumed that the phone numbers were residential because [the brokerage firm's] agents were instructed to call residential real estate owners. [Ms.] Verkhovskaya used a [] database to identify numbers associated with businesses or the government. She used similar methods to identify numbers that received prerecorded messages.

*Bumpus*, 2022 WL 867256, at *3 (cleaned up and internal citations omitted). Thus, in keeping with sister courts across dozens of districts, the court declines to exclude Ms. Verkhovskaya's opinions on the grounds that her methodology is unreliable.

### IV.   CONCLUSION

For the foregoing reasons, the court DENIES EXP's motion to exclude the opinions of proposed expert witness Anya Verkhovskaya (Dkt. # 67).

Dated this 26th day of February, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 7