UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY USANOVIC, | CASE NO. C23-0687JLR |
| Plaintiff, | ORDER |
| v. | |
| EXP REALTY LLC, | |
| Defendant. | |

Before the court is Defendant eXp Realty, LLC's ("eXp") motion to stay proceedings pending interlocutory appeal. (Mot. (Dkt. # 79); Reply (Dkt. # 81).) Plaintiff Kelly Usanovic opposes the motion. (Resp. (Dkt. # 80).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[1] the court DENIES eXp's motion.

---

[1] Neither party requested oral argument, and the court finds that oral argument would not assist it in deciding the motion. (Mot.; Resp); *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 1

On May 10, 2023, Ms. Usanovic filed this action seeking declaratory and injunctive relief and an award of statutory damages in response to real estate brokerage firm eXp's alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Compl. (Dkt. # 1) at 1, 3.)  She alleges that eXp directed its agents to place unsolicited calls to the telephone numbers of consumers who are registered on the National Do Not Call Registry, "including those consumers who requested for the calls to stop[.]" (*Id*. at 1-2.)  On March 20, 2026, the court granted her motion for class certification.  (3/20/2026 Order (Dkt. # 75).)  On April 3, 2026, eXp filed a notice of appeal of the court's March 20, 2026 Order to the Ninth Circuit.  (4/3/2026 Order (Dkt. # 78).)  eXp subsequently filed the instant motion to stay proceedings pending interlocutory appeal.  (Mot.)  The motion is now fully briefed and ripe for the court's review.

The court must consider four factors when determining whether to stay proceedings pending an interlocutory appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quotation omitted).

Here, the court determines that all four factors weigh against granting the motion. As to the first factor, although eXp states in its motion that it seeks "the Ninth Circuit's review of [the court's] class certification order on the basis that [Ms. Usanovic's] various theories of vicarious liability . . . cannot be proved on a class-wide basis[,]" eXp does not meaningfully address whether it is likely to succeed on the merits of the interlocutory

ORDER - 2

appeal.  (*See generally* Mot.)  Thus, the court concludes that the first factor weighs against granting a stay of the case.

The second factor also weighs against granting the motion.  eXp argues that it is likely to suffer irreparable injury if it is required to collect class-wide data and litigate class-wide issues before its appeal is resolved.  (Mot. at 4-5.)  In response, Ms. Usanovic asserts that "it is well settled that any generalized harm in the form of litigation costs does not constitute hardship sufficient for a stay in the Ninth Circuit."  (Resp. at 4 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)).)  The court agrees with Ms. Usanovic.  Furthermore, initial discovery has concluded, and Ms. Usanovic is not requesting additional discovery at this time.  (*See* Resp. at 4.)  eXp is simply obligated to provide Ms. Usanovic the data that she requested and that eXp previously agreed to produce.  (*Id*.)  Thus, the court concludes that the second factor weighs against granting a stay of the case.

The third factor also weighs against granting the motion.  The court agrees with Ms. Usanovic that she and other class members would suffer substantial injury if a stay is granted because they "have an interest in proceeding expeditiously[.]"  (Resp. at 3.) Because this matter is nearly three years old, a stay of the case increases the likelihood that, as Ms. Usanovic persuasively argues, "witnesses' memories may fade, or that witnesses will no longer be employed by [eXp], or will otherwise become unavailable by the time of trial."  (*Id*.)  Thus, the court concludes that the third factor weighs against granting the motion.

ORDER - 3

Finally, the court determines that the fourth factor also weighs against granting the motion.  The public interest supports the orderly course of justice and judicial economy.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citing Fed. R. Civ. P. 1).  "Delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process."  *Id*.  Thus, the court concludes that the fourth factor weighs against granting the motion.

Consequently, the court DENIES eXp's motion to stay proceedings (Dkt. # 79).

Dated this 30th day of April, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 4